UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, D.C. 20005,<br><br>      Plaintiff,<br><br>v.<br><br>MIKE LEAVITT,<br>Secretary, U.S. Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>      and<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Federal Advisory Committee Act, 5 U.S.C. App. §§ 1, et. seq. ("FACA"), as amended, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, challenging the failure of the Department of Health and Human Services ("HHS") to comply with FACA's open meetings and disclosure requirements by utilizing a secret advisory committee created to provide defendants input and recommendations on substantive revisions to Head Start performance standards.

2. This case seeks a declaratory judgment that defendants are in violation of FACA for failing to charter an advisory committee defendants created to seek input on revisions to Head

Start performance standards ("Head Start advisory committee"), failing to ensure that committee

meetings are open to the public, failing to make committee records available for public

inspection and failing to keep public minutes of committee proceedings.  5 U.S.C. App. §§ 9(c),

10.  Plaintiff also seeks injunctive relief enjoining defendants from utilizing, consulting, or

obtaining information or advice from the Head Start advisory committee until defendants comply

fully with FACA.

## Jurisdiction and Venue

3.  Pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702 this Court has jurisdiction over

agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant

statute," here FACA.  Venue lies in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

## Parties

4.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-

profit corporation, organized under section 501(c)(3) of the Internal Revenue Code, and is

committed to protecting the right of citizens to be informed about the activities of government

officials and to ensuring the integrity of government officials through transparency in

government processes.  CREW is dedicated to empowering citizens to have an influential voice

in government decisions and in the government decision-making process.  To advance its

mission, CREW uses a combination of research, litigation, advocacy and public education.  As

part of its research, CREW uses government records and information made available to it under

various federal disclosure statutes including FACA and the Freedom of Information Act, 5

U.S.C. § 552 ("FOIA").

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules applicable to government agencies, including HHS.

6. Defendant HHS is an agency within the meaning of 5 U.S.C. App. § 3 and 5 U.S.C. § 702. HHS is the federal agency required by statute to administer the Head Start Act. 42 U.S.C. § 9801 et. seq. Head Start is the national program that promotes school readiness by enhancing the social and cognitive development of children through the provision of educational, health, nutritional, social and other services to enrolled children and families. By statute, HHS is required to issue performance standards for Head Start and the creation of these performance standards allows for the use of outside experts. 42 U.S.C. § 9836a. HHS has possession and control of the requested records and is responsible for fulfilling plaintiff's request for information under FACA § 10(b). See Food Chemical News v. Dep't of Health and Human Services. 980 F.2d 1468 (D.C. Cir. 1992).

7. Defendant Mike Leavitt is the Secretary of HHS, is sued in his official capacity only and is charged with, *inter alia*, making a formal determination that the formation of an advisory committee is in the public interest, 5 U.S.C. App. § 9(a) (2); ensuring compliance with advisory committee formation, composition, and staffing guidelines, id. at § 5(c); establishing "uniform administrative guidelines and management controls" for advisory committee, id. at § 8(a); and obtaining a FACA charter before the advisory committee meets or takes any action, 5 U.S.C. App. § 9(c)(2).

8. Defendants' violations of FACA injure CREW. By failing to conduct open meetings and make advisory committee materials publicly available in the manner required by FACA,

3

defendants are violating CREW's statutory rights to obtain information concerning these committees and their recommendations and to disseminate that information to the public. Absent this critical information, CREW cannot advance its mission of educating the public to ensure that the public continues to have a vital voice in government decisions.

9. CREW will analyze the information it receives when defendants comply with FACA to augment the public record regarding the performance standards being revised for Head Start, and will share it with the public through memoranda, reports and press releases.

10. In addition, CREW will disseminate to the public any documents it acquires from its request through its website, **www.citizensforethics.org**. Currently, the CREW website contains links to thousands of pages of documents acquired from multiple FOIA requests. See, e.g., **http://www.citizensforethics.org/activities/campaign.php?view=130**. Visitors to CREW's website can peruse the FOIA and FACA request letters, responses from government agencies and a growing number of responsive documents. The CREW website also includes documents relating to this case, as well as CREW's FOIA litigation, Internal Revenue Service complaints, Federal Election Commission complaints and Department of Justice Complaints. In addition, CREW will disseminate any documents it acquires from this FACA request to the public through **www.governmentdocs.org**, an interactive website CREW founded that includes thousands of pages of public documents from a number of organizations in addition to CREW.

## STATUTORY FRAMEWORK

### The Federal Advisory Committee Act

11. FACA imposes a number of requirements on committees that are established or utilized by the president or federal agencies to obtain advice or recommendations ("advisory

committees"). 5 U.S.C. App. §§ 2 et. seq. FACA defines "advisory committee," in relevant

part, to include any "committee, board, commission, council, conference, panel, task force, or

other similar group, or any subcommittee or other subgroup thereof . . . which is (A) established

by statute . . . or . . . (C) established or utilized by one or more agencies, in the interest of

obtaining advice or recommendations for . . . one or more agencies or officers of the Federal

Government." 5 U.S.C. App. § 3(2).

12.  Advisory committees that meet this definition are subject to FACA's requirements

unless specifically exempted by statute, id. at § 4, or unless all of the committee members are

full-time or permanent part-time government officers or employees.  Id. at § 3(2)(C)(I).

13.  Each advisory committee subject to FACA must file a charter setting forth the

committee's objective, activities and duties before taking any action.  Id. at § 9(c)(2).

14.  FACA requires that provisions be made to assure that "the advice and

recommendations of the advisory committee will not be inappropriately influenced by the

appointing authority or by any special interest, but will instead be the result of the advisory

committee's independent judgment."  Id. at §§ 5(b)(3), 5(c).

15. Under FACA, advisory committees must provide advance notice of any meetings and

open their meetings to the public, id. at § 10(a), unless the agency head determines that the

meeting may be closed to the public in accordance with the Government in the Sunshine Act, 5

U.S.C. § 552(b)(c).  5 U.S.C. App. § 10(d).  All meetings must be chaired or attended by an

officer or employee of the federal government authorized to adjourn any meeting when he or she

deems adjournment in the public interest.  Id. at § 10(e).

16. FACA also requires advisory committees to make available for public inspection all "records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee," to the extent they are not subject to one of the exemptions in FOIA. Id. at § 10(b); Food Chemical News, 980 F.2d at 1472-73. Advisory committees must keep and disclose detailed meeting minutes for every meeting that include "a record of the persons present, a complete and accurate description of the matters discussed and conclusions reached, and copies of all reports received, issued, or approved by the advisory committee," along with a signed certification of the minutes. 5 U.S.C. App. § 10(c). If an advisory committee does not disclose all or part of the minutes of any meeting, it must produce a written determination by the agency head that includes reasons for the non-disclosure. Id. at § 10(d).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

17. On February 28, 2008, CREW sent a letter to Patricia Brown, Acting Director, Office of Head Start, stating that CREW had been advised that the Office of Head Start was "holding a meeting next week at which it will seek the advice and recommendations of a group of private individuals concerning a massive revision of the Head Start performance standards." CREW sought information about the requested meeting as well as a copy of the charter for this advisory committee as required by the FACA. See Exhibit A.

18. By letter dated February 28, 2008, Ms. Brown acknowledged that the meeting was to take place but stated that "[t]his meeting is not covered by the Federal Advisory Committee Act because the purpose of the meeting is for individuals to voice their individual opinions rather than to consult with the group." See Exhibit B.

19. On March 3, 2008, Secretary Leavitt announced the nominations of eight individuals to his Advisory Committee on Re-Designation of Head Start Grantees. According to the press release, the advisory committee was scheduled to meet on March 12, 2008. See Exhibit C.

20. By letter dated March 4, 2008, CREW asked Ms. Brown if the group announced by the Leavitt press release on March 3, 2008 "is the same group that you referenced in your February 28, 2008 letter." Additionally, CREW asked "[i]f the two are the same, please advise us to whether HHS has now concluded, contrary to the view expressed in your letter, that the advisory committee must comply with the FACA." See Exhibit D.

21. By letter dated March 7, 2008, Ms. Brown responded, stating "[t]his group is not the same group that you referenced in your February 28, 2008 letter." Ms. Brown further stated that the group named in the March 3, 2008 press release "is covered by the Federal Advisory Committee Act (FACA) and all requirements are being adhered to as specified." See Exhibit E.

22. On information and belief, HHS has not filed a FACA charter for the Head Start advisory committee referenced in Ms. Brown's February 28, 2008 letter. Further, upon information and belief, the Head Start advisory committee is a committee pursuant to FACA, and defendants have failed to comply with the provisions of FACA.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

**(Failure to Produce Records)**

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Plaintiff properly requested records within the control of HHS.

25.  Plaintiff is entitled by law to access to the records requested under FACA, unless defendants make an explicit and justified statutory exemption claim pursuant to FOIA's exemptions, 5 U.S.C. § 552.

26.  Therefore, by failing to release the records as plaintiff specifically requested, defendants violated FACA's requirement that agency records be made available to the public.  5 U.S.C. App. § 10(b); see also Food Chemical News, 980 F.2d at 1472 ("section 10(b) [of the FACA] affirmatively obligates the Government to provide access to identified materials").

27.  As a result of defendants' unlawful conduct, plaintiff has been denied access to all of the Head Start advisory committee's "records, reports, transcripts, minutes, appendixes, working papers, draft, studies, agenda, or other documents, which were made available to or prepared by" the Head Start advisory committee, to the extent those records are not subject to one of the nine exemptions of the FOIA.  Id.

## CLAIM TWO

### (Failure to Comply with Open Meetings and Disclosure Provisions of FACA)

28.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

29.  Defendants' use of a secret advisory committee to make recommendations to HHS on substantive revisions to Head Start performance standards without complying with the open meeting and disclosure provisions of FACA, 5 U.S.C. App. § 10, is arbitrary, capricious and contrary to law.

30.  As a result of defendants' unlawful conduct, plaintiff was denied advance notice of and an opportunity to attend meetings of the Head Start advisory committee.

## CLAIM THREE

### (Failure to Publish a FACA Charter)

31.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32.  Defendants did not draft and publish a charter before operating the Head Start advisory committee, as required by FACA.  See 5 U.S.C. App. § 9(c).

33.  As a result of defendants' unlawful conduct, plaintiff was denied information regarding: (A) the Head Start advisory committee's official designation; (B) its objectives and the scope of its activity; (C) the period of time necessary for the Head Start advisory committee to carry out its purposes; (D) the agency or official to whom the Head Start advisory committee reports; (E) the agency responsible for providing the necessary support for the Head Start advisory committee; (F) a description of the duties for which the Head Start advisory committee is responsible, and, if such duties are not solely advisory, a specification of the authority for such functions; (G) the estimated annual operating costs in dollars and man-years for the Head Start advisory committee; (H) the estimated number and frequency of Head Start advisory committee meetings; (I) the Head Start advisory committee's termination date, if less than two years from the date of its establishment; and (J) the date the charter was filed.  5 U.S.C. App. § 9(c).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendants have violated the Federal Advisory Committee Act with respect to the Head Start advisory committee;

(2)  Declare that defendants' policy of noncompliance with FACA is arbitrary, capricious and contrary to law;

9

(3)  Order defendants to respond to plaintiff's request under 5 U.S.C. App. § 10(b);

(4) Order defendants to immediately release all records responsive to plaintiff's request, subject to the appropriate exemptions under FOIA, 5 U.S.C. § 552 for information;

(5)  Declare that defendants have violated § 10(b) of the Federal Advisory Committee Act by failing to lawfully satisfy plaintiff's request of February 28, 2008;

(6)  Order defendants to publish notice in advance of all future meetings of the Head Start advisory committee;

(7)  Award plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E);

(8)  Enjoin defendants from utilizing, consulting or obtaining information or advice from the Head Start advisory committee until defendants comply fully with all provisions of FACA, including the drafting of a charter; and

(9)  Grant such further and additional relief as the Court may deem just and proper.

Dated:  April 3, 2008                         Respectfully Submitted,

Anne L. Weismann, D.C. Bar # 298190
Melanie Sloan, D.C. Bar # 434584
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
202-408-5565
202-588-5020 (fax)

Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C.  20015
301-404-0502
413-641-2833 (fax)

Attorneys for Plaintiff

**EXHIBIT A**



**CREW** | citizens for responsibility and ethics in washington

February 28, 2008

**BY FAX: 202-205-9721**

Patricia Brown
Acting Director
Office of Head Start
U.S. Department of Health and Human Services
Administration for Children and Families
370 L'Enfant Promenade, S.W.
Washington, D.C. 20447

Dear Director Brown:

Citizens for Responsibility and Ethics in Washington ("CREW") has been advised that the Office of Head Start is planning to hold a meeting next week at which it will seek the advice and recommendations of a group of private individuals concerning a massive revision of the Head Start performance standards. We write to request information about the scheduled meeting as well as a copy of the charter for this advisory committee as the Federal Advisory Committee Act ("FACA") requires, 5 U.S.C. App. §§ 2 et seq.

Included within the definition of an advisory committee subject to the requirements of the FACA is "any committee, board, commission, council, conference, panel, task force, or other similar group, or any subcommittee or other subgroup thereof . . . which is . . . (B) established or utilized by one or more agencies in the interest of obtaining advice or recommendations for . . . one or more agencies or offices of the federal Government," 5 U.S.C.App. § 3(2), where the members are not all full-time or permanent part-time government officers or employees. Id. at § 3(2)(C)(i). Advisory committees that meet this definition must file a charter setting forth the committee's objective, activities and duties before taking any action. Id. at § 9(c)(2). In addition, such advisory committees must provide advance notice of any meetings and open their meetings to the public. Id. at § 10(a). Not only are advisory committees required to keep detailed meeting minutes for every meeting, 5 U.S.C. App. § 10(c), but they must disclose those minutes to the public along with "records, reports, transcripts . . . appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee." Id. at § 10(b).

The committee that the Office of Head Start is convening in early March clearly meets the definition of an advisory committee subject to FACA's requirements. It includes private individuals and is being established for the purpose of advising your office on a proposed revision of the Head Start performance standards. Accordingly, under the FACA, your office is

Patricia Brown
Page two
February 28, 2008

required to publish notice of any meetings, open all meetings to the public and make meeting minutes and documents available to or prepared for or by the committee available to the public..

In light of the upcoming meeting, please advise us as soon as possible where we can find a published notice of the meeting, the committee's charter and any other documents that have already been provided to the participants in next week's meeting. Should you have any questions I can be contacted at 202-408-5565.

Thank you for your attention to this matter.

Sincerely,

Anne L. Weismann
Chief Counsel

**EXHIBIT B**



DEPARTMENT OF HEALTH & HUMAN SERVICES

ADMINISTRATION FOR CHILDREN AND FAMILIES
Office of Head Start
8th Floor Portal Building
1250 Maryland Avenue, SW
Washington, DC 20024

February 28, 2008

Ms. Anne L. Weismann
CREW
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005

Dear Ms. Weismann:

Thank you for your letter dated February 28th regarding a request for information about a
scheduled meeting that you believe meets the Federal Advisory Committee Act
requirements.

This meeting is not covered by the Federal Advisory Committee Act because the purpose
of the meeting is for individuals to voice their individual opinions rather than to consult
with the group.

Sincerely,

Patricia E. Brown
Acting Director
Office of Head Start

**EXHIBIT C**

# CREW | citizens for responsibility and ethics in washington

March 4, 2008

**BY FAX: 202-205-9721**

Patricia Brown
Acting Director
Office of Head Start
U.S. Department of Health and Human Services
Administration for Children and Families
370 L'Enfant Promenade, S.W.
Washington, D.C.  20447

Dear Director Brown:

I write on behalf of Citizens for Responsibility and Ethics in Washington ("CREW") as a follow-up to your letter of February 28, 2008, regarding a meeting that your office has scheduled to seek the input of a group of private individuals concerning a massive revision of the Head Start performance standards.  You advised me that the meeting is not covered by the Federal Advisory Committee Act ("FACA") "because the purpose of the meeting is for individuals to voice their individual opinions rather than to consult with the group."

Yesterday, Health and Human Services ("HHS") Secretary Mike Leavitt announced the nominations of eight individuals to his Advisory Committee on Re-Designation of Head Start Grantees.  A copy of the HHS press release announcing these nominations is attached.  According to the press release, the advisory committee is scheduled to meet on March 12, 2008.

In light of this announcement, please advise CREW whether the group that is being convened for the March 12, 2008 meeting is the same group that you referenced in your February 28, 2008 letter.  If the two are the same, please advise us as to whether HHS has now concluded, contrary to the view expressed in your letter, that the advisory committee must comply with the FACA.

Thank you for your attention to this matter.

Sincerely,

Anne L. Weismann
Chief Counsel

Enclosure

**EXHIBIT D**

## U.S. Department of Health & Human Services

# News Release

FOR IMMEDIATE RELEASE
Monday, March 3, 2008

Contact: ACF Press Office
(202) 401-9215

## Members Nominated to Advisory Committee on Re-Designation of Head Start Grantees

HHS Secretary Mike Leavitt today announced the nominations of eight individuals to his Advisory Committee on Re-Designation of Head Start Grantees. The committee was created in accordance with the Improving Head Start for School Readiness Act of 2007 to develop a transparent and reliable system for evaluating the renewal of agencies' designation as Head Start providers.

"Head Start programs play an important role in the communities they serve," Secretary Leavitt said. "This committee will help ensure Head Start programs are meeting requirements, performance standards and the needs of the children and families they serve."

In its first meeting on March 12, 2008, the advisory committee will discuss the grantee application process, risk management, classroom quality, program monitoring, the Program Information Report and other data sources and plans for future work.

"We should know what is working well and what may need improvement in Head Start's current process," said HHS Acting Assistant Secretary for Children and Families Daniel Schneider. "By putting everything on the table, the advisory committee will be in a great place to evaluate how best to serve the children and families who count on us to help them better their lives."

The following individuals are nominated to the Advisory Committee on Re-Designation of Head Start Grantees:

- Dr. Jerlean Daniels, National Association for the Education of Young Children (NAEYC), Washington, D.C.: Dr. Daniels is deputy executive director of the NAEYC, an organization of early care and education professionals committed to enhancing the quality of programs for young children. She is nominated as an expert in accreditation of early childhood programs.

- Dr. Ron Haskins, Brookings Institute, Washington, D.C.: Dr. Haskins is a senior fellow and co-director of the Center on Children and Families at the Brookings Institution and a senior consultant at the Annie E. Casey Foundation. He is nominated as a research expert on early childhood development.

- Mr. Craig Stewart, Apex Foundation, Seattle, Wash.: Mr. Stewart is president and a trustee of the Apex Foundation, a philanthropic fund that helps children and families reach their highest potential. He recently co-authored "*Inside the Nonprofit Boardroom.*" He is nominated as an expert in governance and finance of nonprofit organizations.

- Dr. Mark Innocenti, Utah State, Utah: Dr. Innocenti is associate director of the Early Intervention Research Institute. He is the president for the Division for Early Childhood of the Council for Exceptional Children. He is nominated as an expert in delivery of services to children with special needs and their families.

- Dr. John Fantuzzo, University of Pennsylvania, Philadelphia, Penn.: Dr. Fantuzzo is a professor

of education at the University of Pennsylvania. He has conducted studies on issues affecting young children with Head Start for over 20 years. His most recent work focused on strategies to enhance school readiness of low-income, urban preschoolers. Dr. Fantuzzo is nominated as an expert in assessment and evaluation of programs for young children.

- Mrs. Patricia Brown, Office of Head Start (OHS), Washington, D.C.: Mrs. Brown is the acting director of OHS at the Administration for Children and Families. She has over 33 years experience at the state and federal levels working on issues affecting the well-being of children and families. She is nominated as an Office of Head Start representative.

- Dr. Blanca Enriquez, Region Nineteen Education Service Center, El Paso, Texas: Dr. Enriquez has been associate executive director of the Education Service Center Head Start program since 1991. She is nominated as an executive director of a Head Start agency.

- Dr. Craig Ramey, Center for Health and Education, Georgetown University, Washington, D.C.: Dr. Ramey is the director of the Center for Health and Education. He specializes in the study of factors affecting young children's development of intelligence, social competence and academic achievement. He is nominated for the position of non-voting chairman.

For more information about the Office of Head Start, visit:
http://www.acf.hhs.gov/programs/hsb/.

### ###

Note: All HHS press releases, fact sheets and other press materials are available at
*http://www.hhs.gov/news*.

Last revised: March 03, 2008

**EXHIBIT E**



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of Head Start
8th Floor Portal Building
1250 Maryland Avenue, SW
Washington, DC 20024

MAR - 7 2008

Anne L. Weismann
Chief Counsel
CREW
Citizens for responsibility and ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005

Dear Ms. Weismann:

I am responding to your letter dated March 4, 2008 regarding the Advisory Committee on Re-Designation of Head Start Grantees. This group is not the same group that you referenced in your February 28, 2008 letter. This group is covered by the Federal Advisory Committee Act (FACA) and all requirements are being adhered to as specified.

Sincerely,

Patricia E. Brown
Acting Director
Office of Head Start

**CIVIL COVER SHEET**

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | Mike Leavitt; U.S. Department of Health and Human Services |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___ (IN U.S. PLAINTIFF CASES ONLY) NOTE: In land condemnation cases, use the location of the tract of land involved |
|---|---|

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anne L. Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
202-408-5565

ATTORNEYS (IF KNOWN)

---

**II BASIS OF JURISDICTION**
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
( FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. App. 1 and 5 U.S.C. 706; failure to comply with Federal Advisory Committee Act in creation and utilization of advisory committee

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Select YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 4/03/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.